```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

KIRK BERNARD COLLIER,           :
                                :
    Plaintiff,                  :
                                :
vs.                             :     CIVIL ACTION 11-0559-M
                                :
MICHAEL J. ASTRUE,              :
Commissioner of Social Security,:
                                :
    Defendant.                  :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19). Oral argument was waived in this action (Doc. 20). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further proceedings not inconsistent with the Orders of the Court.

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-nine years old, had completed a ninth-grade education (Tr. 40), and had previous work experience as a construction worker (Tr. 41).  In claiming benefits, Collier alleges disability due to cataracts, headaches, fatigue, hypertension, bronchitis, shortness of breath, muscle cramps, and pain in his neck, back, and chest (Doc. 14 Fact Sheet).

The Plaintiff filed a protective application for SSI on November 13, 2008 (*see* Tr. 18).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Collier could not perform his past relevant work, there were specific sedentary jobs which he could perform (Tr.

18-30).  Plaintiff requested review of the hearing decision (Tr. 13-14) by the Appeals Council, but it was denied (Tr. 1-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Collier alleges that:  (1) The ALJ did not properly consider his complaints of pain; (2) the ALJ did not properly consider his mental limitations and non-exertional limitations; (3) he is not capable of performing sedentary work; and (4) the ALJ improperly found that his noncompliance with prescribed treatment disqualified him from disability (Doc. 14).  Defendant has responded to—and denies—these claims (Doc. 15).

Collier has claimed that he cannot perform sedentary work (Doc. 14, pp. 7-9).[1]  The social security regulations instruct us that

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

---

[1] Though Collier raises four claims, it is unnecessary for the Court to discuss the remaining three claims in light of its ruling on this one.

20 C.F.R. § 404.1567(a) (2011).

The ALJ found that Plaintiff had the residual functional capacity (hereinafter *RFC*) to perform:

> less than the full range of sedentary work as defined in 20 C.F.R. 416.967(a).  The claimant can lift and/or carry 10 pounds occasionally and frequently.  He can stand/walk for 6-hours and sit for 2-hours in an 8-hour workday.  The claimant should avoid work requiring the use of his bilateral hands for constant handling, fingering and feeling.  He would be limited to those limitations on a frequent basis.  He should avoid work requiring pushing and/or pulling of the upper extremities against resistance, but he can perform reaching with the bilateral arms.  He should avoid concentrated exposure to extreme cold, heat, wetness, humidity or noxious, chemical fumes, dust and gases.  He should avoid all work around moving machinery, unprotected heights or driving.  He could not perform reading above an elementary level.  He would have some mild-to-moderate impairment due to pain, medicinal side effects and other factors.  This deficit in concentration, persistence or pace could be expected to cause him to be off task or at an unproductive pace for approximately 5% of the workday.

(Tr. 20-21).  The Court further notes that, in the concluding remarks of the determination, the ALJ found that Collier had an RFC "for the full range of sedentary work" (Tr. 30).

At the evidentiary hearing, the ALJ posed hypothetical questions about Plaintiff's abilities and limitations to a vocational expert (hereinafter *VE*) (Tr. 57-62).  In those questions, the ALJ told the VE to "assume an individual the same age, education, work background as the Claimant" (Tr. 57).  The ALJ further instructed the VE to assume that the individual was limited to either light or sedentary work, depending on the hypothetical (*see* Tr. 57-62).  The VE answered the questions and, based on that testimony, the ALJ determined that Plaintiff was capable of specified jobs (Tr. 30).

The problem arises in that the ALJ's specific RFC falls outside of the definition of a full range of sedentary work.  In her hypothetical questions posed to the VE, the ALJ placed restrictions on Collier's abilities that were reflected in the RFC, but she did not state that Collier had the ability to stand/walk for six hours and sit for two hours during an eight-hour day as found in the RFC.

Defendant has asserted that this is a scrivener's error as the ALJ has transposed the six and two; the argument is that the ALJ meant to say that Plaintiff had the ability to stand/walk for two hours and sit for six hours during an eight-hour day (Doc. 15, p. 10).  The Government admits the error, though, but

5

further argues that this is no basis for an award of benefits (Doc. 15, pp. 10-11).

The Court agrees with the Government that an award of benefits is not appropriate.  However, the Court cannot find that the ALJ's opinion is supported by substantial evidence as long as there is some doubt as to the true intent of the ALJ.  While Defendant may be correct that this is merely a scrivener's error, the Court cannot say with certainty that this is so.  As the questions posed to the VE did not include the abilities indicated in the RFC, the Court cannot find that the decision is supported by substantial evidence.

Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to what work Collier can perform.  Final judgment will be entered by separate Order.

DONE this 13th day of March, 2012.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE